PHINEAS L. PAGE & another *vs.* JOHN C. WOLCOTT.

Two persons in partnership as attorneys at law were employed to commence and prose-
cute a suit, and pending the action dissolved partnership, one of them undertaking to
manage the case, and in fact afterwards conducting the trial. *Held*, that an action for
all the services rendered might be maintained by the two jointly.

HOAR, J.   The defendant employed the plaintiffs as his attor-
neys to commence and prosecute a suit for him.   They were
then partners, and his contract was with them both.   No other
contract was made with them, or with either of them, by the
defendant.   Under this contract, it would not be possible, and
of course could not have been understood or intended, that both
partners should be active in rendering each particular service
which the conduct of the case required.   Whatever was done
by either, on behalf of both and under their joint engagement,
would be, if properly done, a fulfilment to that extent of their
contract.

But the partners dissolved their partnership after the writ was
made out and before the case was ended.   This did not affect
their contract with the defendant.   They were still jointly engaged
in his service, at least until some notice to him that they should
proceed no further.   For any mistake or negligence in the pros-
ecution of his suit, they continued equally responsible to him.
It still remained the duty of each to provide that, by himself or
the other, the necessary labor in conducting the cause should be
done.   They made a proper provision and reservation, in their
dissolution of copartnership, in relation to the defendant's case.
One of them agreed to manage it, but to do so for and on ac-
count of both, and in fact alone conducted the trial.   The work
was done, and so far as the case shows, satisfactorily done,
according to the original agreement which the defendant made
with both the plaintiffs.

We can see no reason why a dissolution of their general part-
nership, or any other arrangement which the plaintiffs might
choose to make about their other affairs, with which the de-

fendant had no concern, should release him from his obligation to pay both. No new contract was made with him, and, so far as he and his case were concerned, the plaintiffs continued partners. *Exceptions sustained.*

J. C. Wolcott, *pro se.*

P. L. Page, (J. E. Field with him,) for the plaintiffs.